**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| Louis M. Kohus, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | Case No. 1:22-cv-00190 |
| v. | : | |
| | : | Judge Sarah D. Morrison |
| Goshen Township, et al., | : | |
| | : | |
|     Defendants. | : | |

**ANSWER OF DEFENDANTS GOSHEN TOWNSHIP AND CHIEF OF POLICE BOB ROSE TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Now come Defendants Goshen Township and Chief of Police Bob Rose (collectively referred to herein as "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint hereby state as follows:

**FIRST DEFENSE:**

For the First Defense, Defendants respond to the numbered paragraphs of Plaintiff's Complaint, in like numbered paragraphs, as follows:

1. Defendants deny for want of knowledge the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Goshen Township is a township located in Clermont County and in the State of Ohio. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that Bob Rose is currently employed as the Chief of Police of Goshen Township. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants reincorporate all previous admissions and denials herein for their response to Paragraph 5 of Plaintiff's Complaint.

6. Defendants allege that the allegations set forth in Paragraph 6 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

7. Defendants allege that the allegations set forth in Paragraph 7 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

8. Defendants allege that the allegations set forth in Paragraph 8 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

9. Defendants allege that the allegations set forth in Paragraph 9 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

10. Defendants allege that the allegations set forth in Paragraph 10 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations and specifically deny that Chief Rose or any current employee committed any wrongful conduct related to the claims at issue in this lawsuit.

11. Defendants allege that the allegations set forth in Paragraph 11 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

12. Defendants allege that the allegations set forth in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

13. Defendants allege that the allegations set forth in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

14. Defendants allege that the allegations set forth in Paragraph 14 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny for want of knowledge the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny for want of knowledge the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny for want of knowledge the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. With regard to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendants admit that Chief Rose was promoted from Captain to Chief on April 12, 2016, after he served as interim Chief when former Chief Combs was terminated.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. With regard to the allegations contained in Paragraph 25, Defendants state that the pictures identified in Exhibit D speak for themselves. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and specifically deny that Plaintiff demanded payment or that he was entitled to payment.

31. Defendants reincorporate all previous admissions and denials herein for their response to Paragraph 31 of Plaintiff's Complaint.

32. Defendants allege that the allegations set forth in Paragraph 32 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further

answering, to the extent that there are factual allegations, Defendants deny those allegations.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants reincorporate all previous admissions and denials herein for their response to Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny for want of knowledge the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny for want of knowledge the allegations contained in Paragraph 46 of Plaintiff's Complaint and specifically deny that Plaintiff demanded payment or that he was entitled to payment.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants reincorporate all previous admissions and denials herein for their response to Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants reincorporate all previous admissions and denials herein for their response to Paragraph 54 of Plaintiff's Complaint.

55. Defendants allege that the allegations set forth in Paragraph 55 of Plaintiff's Complaint call for a legal conclusion for which no further admission or denial is required. Further answering, to the extent that there are factual allegations, Defendants deny those allegations.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint and specifically deny that they removed any copyright management information from the Design.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and specifically deny that they removed any copyright management information from the Design.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny each and every other allegation contained in Plaintiff's Complaint not specifically admitted to herein.

**SECOND DEFENSE:**

60. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE:**

61. Plaintiff's claims are barred by the applicable statute(s) of limitations.

**FOURTH DEFENSE:**

62. Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, issue preclusion, judicial estoppel, and/or compulsory joinder.

**FIFTH DEFENSE:**

63. Defendants are entitled to absolute and/or qualified immunity under both state and federal law, as well as common law immunity.

**SIXTH DEFENSE:**

64. Defendants are immune with respect to claims under state law pursuant to Chapter 2744 of the Ohio Revised Code and/or common law of Ohio.

**SEVENTH DEFENSE:**

65. Defendants have, at all times, acted in good faith.

**EIGHTH DEFENSE:**

66. Defendants have, at all times, acted in accordance with applicable laws.

**NINTH DEFENSE:**

67. Any access to, or use of, Plaintiff's work/mark was with authorization or permission and did not exceed such authorization or permission.

**TENTH DEFENSE:**

68. The injuries and damages sustained by Plaintiff, if any, and which are specifically denied, were directly and proximately caused by Plaintiff's own comparative negligence, action, or conduct, thereby eliminating or proportionately reducing his recovery as a matter of law.

**ELEVENTH DEFENSE:**

69. Defendants' acts, if any, were privileged, and they are entitled to an absolute and/or qualified privilege under state and federal law.

**TWELFTH DEFENSE:**

70. Any and all injuries and/or damages suffered by Plaintiff, if any, and which are specifically denied, were directly and proximately caused by intervening and/or superseding acts, negligence, or conduct of others, not the responsibility of these answering Defendants.

**THIRTEENTH DEFENSE:**

71. In the event that Defendants are found liable, such liability denied, Defendants are only liable for their proportionate share of Plaintiff's alleged damages, and any allocation of liability must include the fault of non-parties, per Ohio Revised Code §2307.22, *et seq.*

**FOURTEENTH DEFENSE:**

72. Plaintiff has failed to mitigate damages, if any.

**FIFTEENTH DEFENSE:**

73. Plaintiff's claims are barred by the doctrines of comparative negligence, contributory negligence, and/or assumption of the risk.

**SIXTEENTH DEFENSE:**

74. Defendants' actions were in good faith, were reasonable, were without malice, were not willful, and did not violate the Plaintiff's constitutional rights.

**SEVENTEENTH DEFENSE:**

75. Defendants are entitled to any deduction or setoff for damages pursuant to Ohio law, including Ohio Revised Code §2744.01, *et seq.*

**EIGHTEENTH DEFENSE:**

76. Plaintiff's claim for damages violates the due process clause of the Federal and Ohio Constitutions.

**NINETEENTH DEFENSE:**

77. Defendants' actions are protected by a qualified and/or absolute privilege.

**TWENTIETH DEFENSE:**

78. Plaintiff has failed to join necessary and indispensable parties.

**TWENTY-FIRST DEFENSE:**

79. Plaintiff's common law claims are preempted by federal or state law, and Plaintiff's state law claims are preempted by federal law.

**TWENTY-SECOND DEFENSE:**

80. Plaintiff's own conduct, acts, or omissions are the proximate cause of his alleged loss, damages, or injuries.

**TWENTY-THIRD DEFENSE:**

81. The damages prayed for by Plaintiff are inappropriate.

**TWENTY-FOURTH DEFENSE:**

82. Plaintiff's claims for punitive and/or exemplary damages are barred by the United States Constitution, including the First, Fifth, Eighth, and Fourteenth Amendments, and by the Ohio Constitution.

**TWENTY-FIFTH DEFENSE:**

83. Political subdivisions and their employees cannot be liable for punitive damages.

**TWENTY-SIXTH DEFENSE:**

84. The Complaint fails to state any claim or basis upon which attorneys' fees, costs, or punitive damages can be recovered.

**TWENTY-SEVENTH DEFENSE:**

85. The copyright registration that is allegedly infringed is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. 102.

**TWENTY-EIGHTH DEFENSE:**

86. Defendants' alleged use of Plaintiff's copyrighted material, if any, is lawful use and/or de minimis.

**TWENTY-NINTH DEFENSE:**

87. Plaintiff's claim for copyright infringement is barred by the doctrine of copyright misuse.

**THIRTIETH DEFENSE:**

88. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**THIRTY-FIRST DEFENSE:**

89. Plaintiff's claims are barred by the fair use doctrine, pursuant to 17 U.S.C. 107.

**THIRTY-SECOND DEFENSE:**

90. Plaintiff's claims are barred, as Defendants' use, if any, falls under the exemptions under 17 U.S.C. 110.

**THIRTY-THIRD DEFENSE:**

91. Plaintiff's claims for damages are barred because any infringement, such infringement denied, was innocent, there was no actual confusion, and there was no willful deception or bad faith.

**THIRTY-FOURTH DEFENSE:**

92. Plaintiff is not entitled to both actual damages and statutory damages.

**THIRTY-FIFTH DEFENSE:**

93. Plaintiff's claims for damages under the Lanham Act fail because he cannot rely on pure dignitary, non-commercial harm and must prove specific economic loss, which he cannot do so.

**THIRTY-SIXTH DEFENSE:**

94. Plaintiff's claims for statutory damages are subject to the statutory caps under federal law including but not limited to those under 17 U.S.C. 504, 15 U.S.C. 1117, and 17 U.S.C. 1203.

**THIRTY-SEVENTH DEFENSE:**

95. The court shall remit damages pursuant to federal law including but not limited to 17 U.S.C. 504, 15 U.S.C. 1117, and 17 U.S.C. 1203.

**THIRTY-EIGHTH DEFENSE:**

96. Plaintiff's claims fail since Defendants did not violate his exclusive right of distribution, as there was no distribution.

**THIRTY-NINTH DEFENSE:**

97. Defendants did not cause a third-party to infringe upon Plaintiff's work/mark and did not distribute his work/mark with the intent to foster an infringement.

**FORTIETH DEFENSE:**

98. Defendants deny that they have engaged in any violation of any of the statutes set forth in the Complaint.

**FORTY-FIRST DEFENSE:**

99. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

9

**FORTY-SECOND DEFENSE:**

100. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, delay, unclean hands, and/or release.

**FORTY-THIRD DEFENSE:**

101. The copyright registration that is allegedly infringed by Defendants is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. 102.

**FORTY-FOURTH DEFENSE:**

102. Plaintiff's claims are barred because Plaintiff's copyright registration was not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. 412.

**FORTY-FIFTH DEFENSE:**

103. Plaintiff's Complaint may be barred based upon lack of personal and/or subject matter jurisdiction.

**FORTY-SIXTH DEFENSE:**

104. Plaintiff is not the real party in interest and/or lacks standing to assert his claims.

**FORTY-SEVENTH DEFENSE:**

105. Plaintiff's copyright infringement claims are barred in whole, or at least in part, because Plaintiff's works were not registered with the U.S. Copyright Office.

**FORTY-EIGHTH DEFENSE:**

106. Plaintiff's copyright claims are barred in whole, or at least in part, because the copyrighted materials are in the public domain.

**FORTY-NINTH DEFENSE:**

107. Plaintiff's claims are barred in whole, or at least in part, because Plaintiff is not the owner of the copyright and/or because the assignment of the copyright to Plaintiff is not valid.

**FIFTIETH DEFENSE:**

108. Plaintiff's copyright claims are barred in whole, or at least in part, because Plaintiff used his copyright in violation of public property embodied in the grant of the copyright.

**FIFTY-FIRST DEFENSE:**

109.    Defendants are co-owners of the copyrighted work at issue.

**FIFTY-SECOND DEFENSE:**

110.    The copyrighted work was a "work made for hire" that belongs to Defendants.

**FIFTY-THIRD DEFENSE:**

111.    Plaintiff committed fraud upon the U.S. Copyright Office and, therefore, the copyright registration is invalid.

**FIFTY-FOURTH DEFENSE:**

112.    Plaintiff provided only ideas, refinements, and suggestions to the patch design, which was created by someone other than Plaintiff.

**FIFTY-FIFTH DEFENSE:**

113.    Defendants had an express or implied license and/or permission to use the copyrighted work at issue.

**FIFTY-SIXTH DEFENSE:**

114.    Defendants incorporate herein by reference, as if fully restated herein, all of the appropriate defenses set forth in Civil Rule 8 and/or 12, as applicable. Moreover, Defendants reserve all rights pursuant to Civil Rule 15 to subsequently amend this pleading to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation or discovery of this action.

**WHEREFORE,** having fully answered, Defendants Goshen Township and Chief of Police Bob Rose demand that Plaintiff's Complaint be dismissed with prejudice to the institution of any further proceedings and to all other relief to which it may be entitled, either at law or in equity, to include but not be limited to an award of its costs, reasonable attorney's fees and interest.

Respectfully submitted,

/s/ Keona Padgett
Keona R. Padgett, Esq. (0090628)
Steven A. Chang, Esq. (0088321)
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; Fax: (614) 232-2410
kpadgett@reminger.com
schang@reminger.com
*Counsel for Defendants Goshen Township and Chief of Police Bob Rose*

## JURY DEMAND

Now come Defendants Goshen Township and Chief of Police Bob Rose and hereby requests a jury of eight (8) to hear all of the issues of this case.

/s/ Keona Padgett
Keona R. Padgett, Esq. (0090628)
Steven A. Chang, Esq. (0088321)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on June 9, 2022, using the Court's CM/ECF system and that service will be made upon the following via the Court's CM/ECF system:

Brian P. O'Connor, Esq. (0086646)
Alexander R. Foxx, Esq. (0098969)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450; FAX: (513) 721-0109
bpo@santenhughes.com
arf@santenhughes.com
*Counsel for Plaintiff*

          /s/ Keona Padgett
          Keona R. Padgett, Esq. (0090628)
          Steven A. Chang, Esq. (0088321)